## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JOSE ORTEGA on his own
Behalf, and on behalf of those similarly situated,

                        Plaintiffs,

      -  against -                Case No. 15-cv-07387-NGG-JO

UBER TECHNOLOGIES INC., RAISER, LLC, UBER
USA, LLC, UBER NEW YORK, LLC, UBER
TRANSPORTATION LLC, JOHN DOE, "UBER
AFFILIATES," fictitious name used to identify presently
Unknown entities,

                        Defendants.

------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARD PAYMENT

Plaintiff individually, and on behalf of the Settlement Class, submit this Memorandum of Law In Support of their motion for Attorneys' Fees, Expenses and a Service Award Payment to named plaintiff Ortega. Subject to this Court's final approval, this action has been resolved by Settlement. Under the Settlement Agreement, attorneys' fees and costs are to be paid out of a gross Settlement Sum. Class counsel hereby requests fees of 33.3% (one-third) of the Gross Settlement Sum, as set forth in the Settlement Agreement. Defendant does not to oppose this request. Plaintiffs costs are twenty-nine thousand and fifty five dollars ($29,055.00), which includes forensic accounting fees, mediation fees, electronic research costs, copying costs. filing costs and travel related expenses. These costs are also set forth in the Settlement Agreement. In reaching this settlement, Plaintiff has not piggybacked on to any previous case in asserting the claims at issue in this settlement. To the extent there are cases containing similar claims as those

settled herein, Plaintiff herein was the first to assert such claims. Class Counsel also requests that the Court approve a $2,000 service award to name plaintiff Ortega. The requested award for both attorneys' fees, expenses and service award to Ortega have been disclosed in advance to the Settlement Class pursuant to the notice program approved by the Court.[1] Significantly, there has been no objection to the amount of attorney's fees sought by the Settlement Class.

Class Counsel also requests an award of $25,000.00 to the Settlement Administrator, Garden City Group for administering the Settlement, including the settlement website design, distributing the Class Notice and the performance administrative tasks, including the distribution of the Settlement to the Settlement Class.

A three million dollar ($3,000,000.00) Gross Settlement Sum has been established pursuant to the Settlement Agreement. In awarding attorneys' fees from a common fund created after settlement, the trend in the Second Circuit has been toward the employment of a percentage of recovery as the preferred method of calculating the award for class counsel. *See Wal-Mart Stores, Inc. v. Visa, U.S.A., Inc.* 396 F.3d 96 (2d Cir. 2005). This Circuit reasons that the percentage method [as opposed to the lodestar method] directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation. *Wal-Mart Stores, Inc. v. Visa, U.S.A.,* 396 F.3d at 6, 121 (and cases cited therein). This Court has noted that a 33% fee is a percentage of the common fund is reasonable, especially considering an early resolution of the matter. *Facian v. Rapid Park Holding Corp.,* 2010 U.S. Dist. LEXIS 64382 (E.D.N.Y. June 29, 2010) (noting that lodestar method discourages early settlement). Regardless

---

[1] Pursuant to the Court' directive, Plaintiff also established a website www.ortegaubersettlement.com, which contains important case documents and the notice. Class Members were encouraged to forward the notice to any individuals they believed to be members of the Settlement Class. Based on inquiries we received, the Class Members receiving notice did in fact forward the notice to other individuals believed to be in the Class. See Greenbaum Decl. ¶ 10.

of what method is employed, a district court has considerable discretion to award a fee reflecting a lodestar enhancement designed to compensate attorneys for inter alia, "the risk of the litigation and the performance of the attorneys." *Athale v. Sinotech Energy Ltd.* 2013 U.S. Dist. LEXIS 199696 (S.D.N.Y Sept. 4, 2013) (collecting examples of courts awarding lodestar multipliers of between four and five); *Malex v. Del Global Telik, Inc.,* Sec. Litig. 576 F. Supp 2d 570, 590 (S.D.N.Y. 2008) (lodestar multiplier of over 4 routinely awarded). Here, and as addressed more fully herein, Plaintiff secured a significant settlement for the class at a relatively early stage of the litigation. Class Counsel should be awarded the amounts sought based on this result and its efforts in securing the result for the class.

## A.  The Court Should Approve The Requested Award Of Attorneys' Fees And Expenses

Class Counsel have spent significant time and resources pursuing this matter and reaching a settlement favorable to the class. At all times during the almost three (3) years of this litigation Class Counsel undertook this representation with no promise of recovery or payment. They should be compensated with a reasonable percentage of the recovery they created for the Class. As demonstrated herein, an award of one-third (33.3%) of the Gross Settlement Fund is reasonable.

It is established law that "where an attorney succeeds in creating a common fund from which members of a class are compensated for a common injury, the attorneys' entitled to a reasonable fee. *Boeing v. Can Gemert,* 444 U.S. 472 (1980); *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2nd Cir. 2000). Awarding Class Counsel reasonable fees "serves the salutary purpose of encouraging counsel to pursue meritorious claims on behalf of a class of individuals who could not afford to litigate their individual claims." *Stephen v. Williams*, 2001 U.S. Dist. LEXIS 7097 (S.D.N.Y. May 31, 2001). "Attorneys in contingency cases reasonably should expect higher fees than would be had if they were guaranteed such fees up front whether or not the party

receives any relief." *Hicks v. Morgan Stanley* 2005 U.S. Dist. LEXIS 24890 (S.D.N.Y. October 24, 2005). Class Counsel has risked time and effort, and advanced costs and expenses, with no ultimate guarantee of compensation. As such, and consistent with this Circuit's decision in *Arbor Hill Concerned Citizens Ass'n v. Co. of* Albany, 493 F.3d 110 (2nd Cir. 2007), a 33.3 fee award is reasonable and appropriate. Moreover, it is also well established that an agreed upon award of attorneys' fees and expenses - - such as here - - is proper in a class action settlement, so long as the amount is reasonable under the circumstances. *Bellifemine v. Sanofi-Aventis U.S. LLC,* 2010 U.S. Dist. LEXIS 79679 (S.D.N.Y. August 5, 2010).

**B.** **The Attorneys Fees Requested Are Reasonable And Appropriate Under The Circumstances**

An attorney fee request for one third of settlement fund is considered reasonable and "consistent with the norms of class litigation in this Circuit." *See, e.g. Willix v. Healthfirst, Inc.,* 2011 U.S. Dist. LEXIS 21102 (E.D.N.Y. Feb. 18, 2011) (awarding class counsel one-third of $7,675.00 settlement fund); *Stefaniak v. HSBC Bank USA, 2008 U.S. Dist. LEXIS 53872 (W.D.N.Y. June 28, 2008* (awarding 33% of $2.9 million dollar settlement); *Toure v. Amerigroup Corp.,* 2012 U.S. Dist. LEXIS 110300 (E.D.N.Y. Aug. 6, 2012) (one-third of settlement fund to class counsel); *Mohney v. Shelly's Prime Steak,* 2009 U.S. Dist. LEXIS 27899 (S.D.N.Y March 31, 2009) (awarding 33% of $3,265.00 settlement fund); *Faican v. Rapid Park Holding Corp.*, 2010 U.S. Dist. LEXIS 64382 (June 29, 2010 E.D.N.Y.) (33⅓% attorney fee for $780,741.06 common fund).[2] In addition, the fee award will not only compensate Class Counsel for the time and effort

---

[2] *See also, Flores v. Hanover, LLC* 2014 U.S. Dist. LEXIS 11026 (S.D.N.Y. June 9, 2014 ("Class Counsel's request for one third of the fund is reasonable and consistent with the norms of class litigation in this Circuit); *Campus v. Goode*, 2011 U.S. Dist. LEXIS 22959 (S.D.N.Y. March 4, 2011) (approving attorneys' fees of one-third of class fund in part because "reasonable fee paying client[s] typically pay one-third of their recoveries under private retainer agreements"); *Tiro v. Pubic House Investments, LLC,* 2013 U.S. Dist. LEXIS 129259 (S.D.N.Y. Sept. 10, 2013) (awarding 331/3% of $1,300.00 Common Fund).

already expended, but for the time they will be required to spend administering the settlement and to ensure class members inquiries are adequately answered and resolved.

**C.**     **The Relevant Factors Support Counsel's Attorneys' Fees Application**

In determining the reasonableness of class action attorneys' fees, courts apply the principles articulated in *City of Detroit v. Grinnell*, 495 F.2d 448, (2d Cir. 1974), and confirmed in *Goldberger*, 209 F.3d at 47. "The *Goldberger* factors include: (1) counsel's time and labor; (2) the litigation's magnitude and complexity; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Munter v. Hickey*, 634 Fed. Appx. 59, 60 (2d Cir. 2016) (citation omitted). "[T]he ultimate question is whether the fees awarded exceed what is 'reasonable' under the circumstances." *Id.*

These factors strongly weigh in favor of the requested fee award. Counsel has invested significant time and resources in a unpredictable and complex litigation undertaken on a contingency basis. (Greenbaum Decl. ¶ 7). Despite the degree of risk involved, Counsel was able to secure a highly favorable result for the Settlement Class. The requested attorneys' fee is fully supported by the Settlement Class. The fee is within the range typically awarded in class cases.

**i.**     **The "Risk of Litigation" Was Substantial**

The risk of litigation is the most significant factors in determining the award of appropriate attorneys' fees. *Tiro v. Public House Invs., LLC* 2013 U.S. Dist. LEXIS 129258 (S.D.N.Y. Sept. 10, 2013). This factor weighs in favor of the requested fee award.

Courts weigh the benefits of a potential settlement against the time and expense, and risk of continued litigation. *Id.* Class Counsel has undertaken this litigation knowing that Defendant has vigorously defended such cases involving its drivers. Class Counsel has done so

5

without any assurance that they would be compensated and no assurance that they would recover their out-of-pocket expenses.  Were the litigation to continue, Plaintiffs and counsel would be faced with significant challenges on class certification, liability and damages.[3]  The possibility of an unsuccessful outcome was real.  *Beckman v. Key Bank, N.A.,* 293 F.R.D. 467, 479 (S.D.N.Y. 2013) ("contingency risk is the principal, though not exclusive, factor counts should consider in their determination of attorneys' fees).  Here, Class Counsel bore all the risk of the litigation.  In addition to risk, Class Counsel expended significant time and resources on this matter and as a result, had to forgo other matters, including fee paying matters.

### ii.      Class Counsel Dedicated Significant Time And Effort To This Case

Class Counsel devoted significant time on this matter and continues to do so today. *See Greenbaum Declaration* ¶ 7-13.  These efforts included investigating the claims that have been resolved in this settlement.   Counsel also reviewed the Uber driver payment histories and interviewed drivers to determine whether the applicable contract had been adhered to, and further investigation into the false advertising claim.[4]

There has been extensive arms-length negotiations that resulted in this Settlement. Prior to the Settlement, there was also extensive briefing on the legal issues and forensic analysis of Defendants driver records.  Class Counsel also negotiated the Settlement Agreement, obtained

---

[3] These risks were set forth in Plaintiffs Memorandum In Support Of Preliminary Approval (Memorandum of Law) of the Class Action Settlement. Dk. No. 79 at ¶ 18-21.

[4] As an aside, a year after Plaintiffs had asserted the contract claims in its First Amended Complaint, Uber voluntarily issued a payment to approximately 96,000 drivers in New York State.   The payout (approximately $80 million) was made in connection with an ambiguity in certain licensing agreements with the drivers, which Plaintiff contended should be interpreted to require Uber to calculate its service fee "net" of taxes and fees, including sales tax and Black Car Fund fees. Plaintiffs raised these issues well also before Uber made the voluntary settlement.  Class Counsel believe they were a catalyst for this payment. Subsequent to the filing of the First Amended Complaint, Uber settled Federal Trade Commission action for false advertising similar to the claims raised in Plaintiffs false advertising claim here. Again, Plaintiffs raised these claims well before the FTC action became known. *See* 17-CV00261 (N.D. Ca. January 19, 2017). Class Counsel is not seeking catalyst fees for these claims, but it should be noted for the investigative and legal work done by Class Counsel for the benefit of the Class.

preliminary approval of the Settlement, coordinated with the claims administrator, answered questions from the Settlement Class regarding the Settlement, and sought final approval of the Settlement.

A listing of the hours worked by Class Counsel is set forth in the Greenbaum Declaration at paragraph 12 and exhibits attached thereto.

Class Counsel's work on this matter and expenditure resources and negotiating acumen brought this litigation to a successful resolution.

### iii. The Litigation Required Significant Efforts

Class Counsel has been handling this matter since late 2015. They have devoted significant time and effort to attain relief for the Class. *Greenbaum Declaration* ¶ 7-13. The issues were complex and Defendants have been vigorously multiple defending driver lawsuits around the country. Class Counsel was able to bring the matter to a successful conclusion through their efforts, and by offering their own expert opinions on liability and settlement. By contrast a majority of the driver lawsuits have been dismissed by courts, and those still in litigation have been stagnant with no progress to resolution in sight *See e.g. Ali Razak, et.al. v. Uber Technologies, Inc.,* 2018 U.S. Dist. LEXIS 61230 (April 11, 2018) (dismissal of FLSA collective action); *Haider, et. al. v. Uber Technologies, Inc.,* 16-civ-4098 (AKH) (S.D.N.Y.), Dk. No. 98 (Order denying Motion to Certify Class).

### iv. Counsel For Both Parties Are Highly Competent And Qualified

Both Class Counsel and the Counsel for Defendants have a high standing at the bar and a reputation for zealous and effective advocacy. (Greenbaum Decl. and Exh. B (Hines Decl.)). Counsel applied their experience to the utmost in this case. This factor also weighs in favor of the fee request. *See, e.g., Wright,* 553 F. Supp. 2d at 347 (approving $8 million

7

fee given "the quality of the representation provided by class counsel and the depth of their commitment").

**v.    The Requested Attorneys' Fees is Reasonable Compared To Substantial Benefits The Settlement Confers On The Class**

As discussed in Plaintiffs' Motion for Final Approval of the Class Settlement, the Settlement provides substantial benefits to the Class. This relief, which Counsel was able to obtain only significant investigation, litigation, and settlement negotiations, justifies the requested fee. It is well established that "counsel who creates a substantial benefit for a class is entitled to a commensurate award of fees." *In re EVCI Career Colls, Sec. Litig.,* 2007 U.S. Dist. LEXIS 57918, (S.D.N.Y. July 27, 2007).

**vi.    Public Policy Considerations Favor The Attorneys' Fee Request**

Public policy considerations weigh in favor of granting Counsel's requested fees. In awarding attorneys' fees in common fund cases, "the Second Circuit and courts in this district … also have taken into account the social and economic value of class actions, and the need to encourage experienced and able counsel to undertake such litigation". *In re Sumitomo Copper Litig.,* 74 F. Supp. 2d 393, 399 (S.D.N.Y. 1999). Attorneys' fees should "reflect the important public policy goal of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *In re Colgate-Palmolive Co.* ERISA *Litig.,* 36 F. Supp. 3d 344, 352 (S.D.N.Y. 2014). "[S]etting fees low or randomly will create poor incentives to bringing large class action cases." *Id.* Fee awards "should also serve to encourage skilled counsel to represent those who seek redress for damages inflicted on entire classes of persons, and to discourage future alleged misconduct of a similar nature". *Shapiro v. JP Morgan Chase & Co.,* 2014 U.S. Dist. LEXIS 37872, (S.D.N.Y. Mar. 21. 2014). These considerations are evident in this case as

8

individual litigation of the claims subject to this settlement would be unduly costly and prohibitive for an individual to bring.

### 2. The Requested Fee Is With In The Range of Reasonableness

As previously set forth, it is well established that "an attorney [who] succeeds in creating a common fund from which members of a class are compensated for a "common injury" is entitled to a reasonable fee - - set by the court - - to be take from the fund. *Goldberger v. Intergrated Resources, Inc.* 209 F.3d 43, 47 (2d Cir. 2000). This circuit has held that 33.3 percent of the common fund is "comfortably" within the range of reasonableness. Id. In *Faican v. Rapid Park Holding Corp.,* 2010 U.S. Dist. LEXIS 64382 (E.D.N.Y. June 29, 2010), the Court held 33.3 percent of the common fund as an attorney fee to be reasonable even considering the settlement was reached three months after the action was filed and without any motion practice. The court noted, citing *Goldberger*, that the lodestar method discourages early settlement. Here, Class Counsel's request is well within the range of reasonableness.

### 3. A Lodestar Cross-Check Confirms The Reasonableness Of The Requested Fee

As set forth in the Greenbaum Declaration, Class Counsel devoted 1,343.25 hours to pursue this litigation and settlement. Greenbaum Decl. ¶ 12. Class Counsel's aggregate lodestar is $648,930.00. (Greenbaum Decl. ¶ 12).[5] Courts in this Circuit routinely approve lodestar multipliers of over 4 times counsel's lodestar. *See In re Telik Inc. Sec. City,* 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("In contingent litigation, lodestar multipliers of over 4 are routinely awarded"); *Morris v. Affinity Health Plan*, 859 F. Supp. 2d 611, 623-24 (S.D.N.Y. 2012) (Courts regularly award lodestar multipliers from 2 to 6 times the lodestar); *Fleisher v. Phoenix Life Ins.*

---

[5] The Court may rely on billing summaries instead of reviewing actual time records. *In re Rite Aid Corp. Sec. Lit.,* 396 F.3d 294, 306-07; *Bd. Of Trustees of AFTRA Ref. Fund v. JP Morgan Chase Bank, N.A.* No. 09-Civ. 686 (S.D.N.Y. June 7, 2012).

*Co.*, 2015 U.S. Dist. LEXIS 121574 (S.D.N.Y. September 9, 2015) ("Courts have been known to award lodestar multiplies significantly greater than the 4.87 multiplier sought here."). Here, the lodestar cross check confirms the reasonableness of the contingency fee requested.

In addition, Class Counsel should be compensated for bringing this matter be compensated for bringing this matter to a successful resolution through efficient litigation of the case, which is he purpose of the contingency fee.

**D.**     **Plaintiffs Ortega Is Entitled To A Service Award In The Amount Requested**

Plaintiff seek a service award to be paid by the Gross Settlement Fund a service award to Ortega of $2,000. This award is designed to compensate Ortega, the class representative, for his service and assistance in pursuing the claims and assisting in the Settlement. The Settlement could not have been achieved without his assistance and, in particular, his assistance with information gathering from other drivers. There has been no objection to this proposed service award.

Service awards are common in class actions. *Mills v. Capital One*, 2015 U.S. Dist. LEXIS 133530 (S.D.N.Y. September 30, 2015). These payments serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts. *Toure v. Amerigroup Corp.*, 2012 U.S. Dist. LEXIS 110300 (E.D.N.Y. August 6, 2012). The proposed service award sought for Ortega is not only appropriate, but it is also modest and reasonable.

**E.**     **CONCLUSION**

For all the foregoing reasons, Class Counsel requests that the Court approve the award of attorneys' fees to Class Counsel in the amount of one-third of the Gross Settlement Fund and costs in the amount of $29,05.00 and the Service Award to Ortega, in the amount of $2,000.000. Lastly, Class Counsel requests an award of $25,000 to the Settlement Administrator, Garden City Group.

Respectfully submitted,

10

Jonathan W. Greenbaum
COBURN & GREENBAUM, PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC 20036
Telephone: (202) 744-5003
Facsimile: (866) 561-9712
Email: jg@coburngreenbaum.com

Held & Hines, LLP
370 Lexington Avenue
Suite 800
New York, NY 10017

11