**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

JOSE ORTEGA and JOCE MARTINEZ, on their own     Docket No.15-cv-07387-NGG-JO
behalf, and on behalf of those similarly situated,

                             Plaintiffs,

       - against -

UBER TECHNOLOGIES INC., RAISER LLC, UBER
USA, LLC, UBER NEW YORK LLC, UBER
TRANSPORTATION LLC, JOHN DOE "UBER
AFFILIATES," fictitious name used to identify presently
Unknown entities,

                             Defendants.
-------------------------------------------------------------------------X

## DECLARATION OF PHILIP M. HINES

      I, Philip M. Hines, hereby state that I am fully competent to make this Declaration, have

personal knowledge of all matters herein and declare under penalty of perjury that the following

is true and correct.

      1.      I am an attorney duly licensed to practice in New York and this Court.

      2.      I am a founding member of HELD & HINES, LLP, a law firm with offices in

New York. HELD & HINES is a litigation boutique firm practicing in the areas of civil rights,

class actions, contracts, labor and employment, personal injury, and real estate litigation. See,

www.heldhines.com.

      3.      I have been a litigator since graduation from law school in 2004. I have been lead

counsel in numerous complex litigations in this district and elsewhere. I had my fees approved

by the Court in Dixon v. City of New York, S.D.N.Y. 15 Civ. 850 (AT)(AP). I have also handled

complex civil rights and tort litigation against government entities. I have also argued appeals in

the state appellate courts in New York.

4.      My firm has been working alongside Jonathan Greenbaum of COBURN & GREENBAUM, PLLC in this matter

5.      My firm and Mr. Greenbaum, individually and together, have interviewed many Uber drivers in the course of our investigation into the claims alleged in the Complaint and we continue to do so to date. My firm and Mr. Greenbaum have also extensively reviewed the drivers' pay information, tax documents, and contracts.

6.      Upon reviewing this information we came to the belief that Uber was not paying the drivers according to their contracts. Specifically, this led us to believe that Uber inflated its commission per ride by improperly including state and local sales taxes and other ancillary fees, including the Black Car Fund fee, when calculating the Fare upon which the commission was based. Pursuant to law, it is our belief that these taxes and fees are to be paid by the Riders and, per the driver contracts, were to be excluded when calculating Uber's commission fee.

7.      We also believe that based on driver interviews and record reviews, including pay and tax records, that Uber was deducting the sales taxes and ancillary fees from the drivers' pay, in violation of their contracts with Uber. Based upon these believes and discoveries, we filed the contract claims related to the payment of state and local sales taxes and Black Car Fund fee in the First Amended Complaint and the Second Amended Complaint.

8.      We also believe that the drivers were not receiving the guarantees as promised by Uber in its advertisements to recruit drivers. Based upon this belief, we filed a false advertising claim against Uber under N.Y. General Business Law §350 against Uber.

9.      The significant time and resources expended by my firm and Coburn and Greenbaum investigating and litigating these claims has already resulted in a positive outcome for New York Uber drivers. We believe our assertion that Uber was inflating its commission

2

with the inclusion of taxes and ancillary charges in our First Amended Complaint was a catalyst for Uber's admission and payment of those inflated commissions to New York Uber drivers in May 2017. Uber paid the New York drivers for such inflated commissions more than a year after we asserted the claim. Uber had answered these allegations in paragraphs 91, 92 and 93 of the First Amended Complaint prior to making the payments. In addition, well after we filed our complaint for false advertising, Uber reached a settlement with the Federal Trade Commission on false advertising claims. The FTC Consent Order ensures that future Uber advertisements are compliant. The claims we asserted did not piggyback on the FTC claims -- they were solely the result of our investigation. We had no knowledge at the time we asserted the false advertising claim and contract claim related to sales taxes and Black Car Fund fee of any other such claims by other parties. In fact, to the best of our knowledge, this complaint was the first to assert such claims.

10.     Based upon my review of over three million trips made by the Settlement Class, we believe that Uber improperly charged approximately \$3.85M in sales tax and \$1.2M in Black Car Fund fees to the Settlement Class by incorrectly deducting said amounts from the Settlement Class' share of each trip completed. Additionally, we believe that Uber improperly inflated its commissions taken from the Settlement Class by \$1.1M by including the sales tax and Black Car Fund in the fare when calculating its commission.

11.     In light of the fact that the validity of these underpayments is premised upon our interpretation of the driver agreements and their use of the term "fare," which Uber disputes and which Uber has made clear it will vigorously contest, we have concluded that the Settlement Agreement reached in this matter, which has come after extensive negotiations, is fair, reasonable and adequate in light of the attendant risks of protracted litigation. While I believe

3

that the merits of the false advertising claim and contract claim would be proven, I also recognize the risk and inherent uncertainty of continued litigation. The settlement will provide immediate monetary relief to the Settlement Class.

12.     I have diligently investigated and litigated the facts and claims subject to this Settlement. I will continue to dedicate the time and resources necessary to effectuate the settlement and to advocate on behalf of the putative class members.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
        January 8, 2018

By: Philip M. Hines

4