**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

JOSE ORTEGA on his own
behalf, and on behalf of those similarly situated,

Docket No.15-cv-07387-NGG-JO

                                      Plaintiff,

        - against -

UBER TECHNOLOGIES, INC., RASIER, LLC, UBER
USA, LLC, UBER NEW YORK LLC, UBER
TRANSPORTATION LLC, JOHN DOE "UBER
AFFILIATES," fictitious name used to identify presently
Unknown entities,

                                      Defendants.

-------------------------------------------------------------------X

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

WHEREAS, on May 25, 2018, this Court entered an Order Granting Preliminary Approval of Proposed Modified Settlement Agreement (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement of the Action pursuant to the terms of the Parties' Modified Class Action Settlement Agreement and Release (the "Agreement"), and directing that notice be given to the members of the Settlement Class;

WHEREAS, pursuant to the Parties' plan for providing notice to the Settlement Class (the "Notice Plan"), the Settlement Class was notified of the terms of the proposed Settlement and of a Final Fairness Hearing to determine, *inter alia*, whether the terms and conditions of the Agreement are fair, reasonable and adequate for the release and dismissal of the Settled Claims against the Released Parties; and

WHEREAS, a Final Fairness Hearing was held on September 13, 2018. Prior to the Final Fairness Hearing, the Settlement Class members were notified of the terms of the proposed

settlement and their right to appear at the hearing in support of or in opposition to the proposed Settlement;

NOW THEREFORE, the Court, having heard the oral presentations made at the Final Fairness Hearing, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, and having reviewed the materials in connection therewith, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. The capitalized terms used in this Final Approval Order and Final Judgment shall have the same meaning as defined in the Agreement, except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this case, all claims raised therein and released by the Agreement, and all Parties thereto, including the members of the Settlement Class.

3. The Court finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues for settlement purposes, and that Settlement and certification of the Settlement Class for settlement purposes are superior to alternative means of resolving the claims and disputes at issue in this case.

4. The Settlement Class, which will be bound by this Final Approval Order and Final Judgment, shall include all members of the Settlement Class who did not submit a timely and valid Request to opt-out of the Settlement. The members of the Settlement Class who requested

exclusion from the Settlement are identified in Exhibit A hereto. No Class Members submitted any objections to the Settlement.

5. Plaintiff Jose Ortega shall serve as class representative of the Settlement Class.

6. The Court appoints the following counsel as Class Counsel for purposes of this settlement:

> Jonathan W. Greenbaum
> COBURN & GREENBAUM, PLLC
> Second Floor
> 1710 Rhode Island Avenue, NW
> Washington, DC 20036
> Telephone: (202) 744-5003
> Facsimile: (866) 561-9712
> Email: jg@coburngreenbaum.com
>
> **NEW YORK OFFICE:**
> 99 Hudson Street
> Fifth Floor
> New York, NY 10013
>
>
> Marc Held
> Phillip Hines
> Scott Richman
> HELD & HINES LLP
> 370 Lexington Avenue
> Suite 800
> New York, New York 10017
> (212) 696-4LAW
> (855) HELD-HINES

7. For purposes of the Settlement and this Final Approval Order and Judgment, the Settlement Class consists of all individuals who: (i) have provided transportation services arranged using the Uber App within the State of New York at any time between December 29, 2009 and May 25, 2018, and (ii) purported to opt-out of arbitration, or whose most recent agreement with Uber or its subsidiaries otherwise does not contain an arbitration provision, as determined by

Uber's records. The Settlement Class does not include individuals who exclusively provided transportation services arranged using Uber's "uberTAXI" product.

8. The Court finds that the Notice Plan, as set forth in the Agreement and effectuated pursuant to the Preliminary Approval Order (Dkt. 90), constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Agreement, and the Final Fairness Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

9. The court notes that, shortly before the August 9, 2018, bar date, it received a letter from the plaintiffs in Haider v. Uber Technologies, Inc., No. 16-CV-4098 (AKH) (S.D.N.Y. filed June 2, 2016), (the "Haider Plaintiffs") that five of the six Haider Plaintiffs—as well as non-party Mohd Sikher—had not received notice of the settlement. (See Haider Pls. Mot. to Extend the Bar Date ("Bar Date Mot.") (Dkt. 94).) The Haider Plaintiffs asked the court to "provide alternate means of notice to all class members by first class mail and to toll the bar date until such time as the court may hold a hearing on the matter of notice and provide for alternative notice in the court's discretion." (Id. at 2.) The court will not do so. Rule 23 and the Due Process Clause require the court to direct "the best notice that is practicable under the circumstances" to all class members who can be reasonably identified. See Fed. R. Civ. P. 23(c)(2)(B). "[A]ctual receipt of class notice is not necessary in order to bind an absent class member to a final judgment." In re Prudential Sec. Inc. Ltd. P'ships Litig., 164 F.R.D. 362, 369 (S.D.N.Y. 1996). Instead, as long as the method of notice was reasonable, and class counsel adhered to the judicially approved notice plan, the distribution of notice is said to have been adequate. See, e.g., Gonzalez v. City of New York, 396 F. Supp. 2d 411, 417-18 (S.D.N.Y. 2005); Langford v. Devitt, 127 F.R.D. 41, 45 (S.D.N.Y. 1989).

"As a matter of law, it is enough that [notice] was sent to the [class member's] last known address." Marin v. Comenity Bank, LLC, No. 16-CV-737 (AMD), 2017 WL 3670030, at *3 (E.D.N.Y. July 11, 2017). So, although the Haider Plaintiffs affirm that they did not receive notice, Plaintiff has produced records showing that electronic notice was delivered to each of the Haider Plaintiffs. (See Pl. Opp'n to Bar Date Mot. (Dkt. 96) at 2.) Additionally, as Plaintiff points out, the Haider Plaintiffs "cannot plausibly deny that they are and have been aware of the website given, among other things, their prior objections to email notice and attempts to intervene in this case." (Id. at 2.) In Langford, Judge Duffy denied a request for relief from final judgment by a class member who was a plaintiff in a related action, because the member was "aware from communications with opposing counsel that this action was certified as a class action" and was therefore "not justified in . . . complaining that formal notice was never received." 127 F.R.D. at 45. Accordingly, the court denies the Haider Plaintiffs' motion to toll the bar date and order alternative notice.

10. The Settlement, as set forth in the Agreement, and this Final Approval Order and Final Judgment, is in all respects fair, reasonable, adequate and in the best interests of the Settlement Classes, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation, and therefore the Settlement is approved. The Parties shall effectuate the Agreement according to its terms. The Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

11. As of the date of filing and entry of this Final Approval Order and Final Judgment, all Settlement Class Members who did not submit a timely and valid request to opt-out of the Settlement shall have, by operation of this Final Approval Order and Final Judgment, fully and

forever released, relinquished, and discharged the Released Parties (defined in the Agreement to include Defendants Uber Technologies, Inc., Rasier, LLC, and Uber USA, LLC, and all affiliated entities, and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, investors, executives, directors, trustees, agents, employees, attorneys, contractors (other than driver partners), representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action), from all Settled Claims. Settled Claims include any and all claims, causes of action, assertions of injury or harm, damages, debts, liabilities, demands, obligations, guarantees, liquidated damages, costs (including, but not limited to, settlement administration costs), entitlement to restitution or injunctive or declaratory relief, right to direct or indirect recovery of compensation, expenses, interest, and/or attorneys' fees, whether suspected or unsuspected, known or unknown, that Plaintiffs or any Settlement Class Members have had, now have, or may have in the future against Defendants, the Released Parties or any of them, for acts occurring at any time up to and including May 25, 2018: (i) arising from or related to the claim that Defendants or any of the Released Parties failed to remit all monies, including, without limitation, sales tax, Black Car Fund fees, gratuities, and fares, due to Plaintiffs or Settlement Class Members, withheld payments due to Plaintiffs or Settlement Class Members, or otherwise miscalculated the share of the fares or other amounts paid by riders to which Defendants, the Released Parties, and/or Settlement Class Members were entitled, pursuant to any express or implied agreement(s), contract(s), promise(s), or covenant(s), including any and all claims,

whether alleged under federal, state or local law, regulation or ordinance, common law or tort, for breach of contract (whether oral, written, implied, express or otherwise), breach of the implied covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, conversion, unlawful deductions under the New York Labor Law (including any related claims for liquidated damages), or otherwise based on the same or similar facts, allegations and/or theories asserted or that could have been asserted in the Action (including the facts, allegations, and/or theories asserted in the Complaint, First Amended Complaint, and/or Second Amended Complaint in the Action). This includes any and all claims based on similar theories that are or could be asserted in Haider v. Uber Technologies, Inc. ("Haider"). This does not include claims asserted in Haider based on Uber's "upfront pricing" program, or any other claim for unlawful deductions under the New York Labor Law not described above, including based on the theories that Uber unlawfully deducted amounts for vehicle payments and/or other alleged "tools of the trade," or the service fee drivers pay in exchange for the lead generation services provided to them through the Uber App. This also does not include any claim that, as a result of alleged misclassification of drivers as independent contractors, Defendants or the Released Parties unlawfully failed to provide minimum wage, overtime, or spread-of-hours pay to drivers; and (ii) arising from or related to the claim that Defendants or any of the Released Parties engaged in false or misleading advertising, or deceptive business practices, in connection with advertisements and communications regarding drivers' use of the Uber App, driver earnings, and earnings "guarantees," whether arising under federal, state, or local law, including, without limitation, claims under New York General Business Law § 349 et seq., and § 350 et seq.

12.   All Settlement Class Members who did not submit a timely and valid request to opt-out of the Settlement are hereby permanently barred and enjoined from instituting,

commencing or persecuting, either directly or in any other capacity, any Settled Claim against any of the Released Parties.

13. This Final Approval Order and Final Judgment, the Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Defendants or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Settled Claim or of this existence or amount of damages.

14. All individual claims asserted in the Action, as well as the class claims asserted in the Action for breach of contract and false advertising, are hereby dismissed in their entirety with prejudice. The remaining class claims asserted in the Action are hereby dismissed without prejudice. Except as otherwise provided in this Order, the Parties shall bear their own costs and attorneys' fees. Having reviewed the unopposed Motion for Attorneys Fee Award, the Court approves payment of attorneys' fees, costs and expenses to Class Counsel of one-third (33.3%) of the Gross Settlement Sum and $29,055.00 as expenses. This amount shall be paid from the Gross Settlement Sum in accordance with the terms of the Agreement. The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Attorney's Fee Award, and the fact that no objections have been filed to the attorneys' fees, costs and expenses sought by Class Counsel, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefit for the Settlement Class

Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought.

15. The Court approves Plaintiff Ortega's $2,000.00 Service Payment, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff Ortega for the Settlement Class, including taking on the risks of litigation and helping achieve the compensation made available to the Settlement Class. This amount shall be paid from the Gross Settlement Sum in accordance with the terms of the Agreement. The Court also approves Plaintiff Ortega's Individual Settlement Payment of $1,000.00, which shall likewise be paid from the Gross Settlement Sum.

16. The Court approves up to $25,000.00 to be paid from the Gross Settlement Sum to the Settlement Administrator, Garden City Group, for settlement administration expenses.

17. The Court finds that no reason exists for delay in entering this Final Approval Order and Final Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Final Judgment.

18. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement), so long as they are consistent in all material respects to the Final Approval Order and Final Judgment and do not limit the rights of the Settlements Class Members.

19. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Agreement and this Final Approval Order and Final Judgment, and for any other necessary purpose.

20. By operation of this Final Approval Order and Final Judgment, Plaintiffs Ortega and Martinez shall also be bound by the general release of claims, including claims under the Fair Labor Standards Act, as described in paragraph 41 of the Agreement.

**IT IS SO ORDERED.**


SO ORDERED.

                                                               s/Nicholas G. Garaufis

Dated: Brooklyn, New York                     NICHOLAS G. GARAUFIS
       September 17, 2018                          United States District Judge

# EXHIBIT A

The following individuals have excluded themselves from the Settlement and Settlement Class by submitting timely and valid opt-out notices to the Settlement Administrator.

1. Vijay Kumar
2. Bigu Haider
3. Chernow Jallow
4. Inderjeet Parmar
5. Nazrul Sikder
6. Timothy Cavaretta
7. Diogenes Carrasco